COMMUNITY PHYSICAL THERAPY, Appellant,

v.

WAYT et al., Appellees.

[Cite as *Community Physical Therapy v. Wayt* (1994), 93 Ohio App.3d 612.]

Court of Appeals of Ohio,
Stark County.

No. CA–9540.

Decided June 30, 1994.

*G. Ian Crawford,* for appellant.

*William A. Wayt* and *Anne L. Wayt, pro se.*

FARMER, Judge.

On June 7, 1993, appellant, Community Physical Therapy, filed suit on an account against appellees, William A. Wayt and Anne L. Wayt. Default judgment was granted against both appellees on July 13, 1993. Appellant subsequently proceeded with execution of the judgment and on September 16, 1993, filed a garnishment of personal earnings against appellee Anne. This attachment was successful and her employer deposited a certain sum with the Clerk of the Canton Municipal Court. Appellee Anne requested a wage hearing, which was set for October 26, 1993.

At the wage hearing, the referee determined that appellant was a health care provider and, therefore, pursuant to recent amendments to R.C. Chapter 2716, only twelve percent of appellee Anne's "net wage" could be attached. The referee then directed the clerk "to process net wage up to 12% and release any remainder." The referee's report was filed October 27, 1993.

Appellant objected to the referee's report on the basis of the constitutionality of the twelve-percent limitation. The objection was overruled and the report of the referee was adopted by the trial court on November 8, 1993.

Appellant timely filed a notice of appeal and this matter is now before this court for consideration.

The assignments of error are as follows:

"The court below erred in overruling the Plaintiff–Appellant's objection to the Referee's Report and, in so doing, enforcing provisions of Section 2716.01 *et seq.* of the Ohio Revised Code which are unconstitutional.

"1. The court below erred by not concluding that the recent amendments to Chapter 2716 of the Ohio Revised Code (in particular, Section 2716.021 and

Section 2716.051) are unconstitutional as being violative of the Equal Protection clauses of the Ohio and United States Constitutions.

"2. The court below erred by not concluding that the recent amendments to Chapter 2716 of the Ohio Revised Code (in particular, Section 2716.021 and Section 2716.051) are unconstitutional as being violative of the Due Process clauses of the Ohio and United States Constitutions."

■ Appellant's assignments of error challenge the constitutionality of R.C. 2716.021 and 2716.051. Appellant claims that the limitation on a percentage attachment of wages as it applies only to health care services rendered or supplies provided is violative of the Equal Protection and Due Process Clauses of the Ohio and United States Constitutions.

R.C. 2716.021 specifically segregates creditors owed for health care services rendered and health care supplies provided into a separate class of creditors. By operation of R.C. 2716.051, the legislature has limited the percentage of the amount of earnings subject to garnishment by this class to twelve percent of disposable earnings. All other creditors under R.C. 2716.05 are permitted a percentage of earnings subject to garnishment in the amount of twenty-five percent disposable earnings.

The Fourteenth Amendment to the United States Constitution provides, in pertinent part, that "[n]o State * * * shall deny to any person within its jurisdiction equal protection of the laws." Section 2, Article I of the Ohio Constitutional provides, in pertinent part, that "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit * * *." As Chief Justice Moyer noted in *State ex rel. Vana v. Maple Hts. City Council* (1990), 54 Ohio St.3d 91, 92, 561 N.E.2d 909, 911:

" * * * class distinctions in legislation are permissible if they bear some rational relationship to a legitimate governmental objective. Departures from traditional equal protection principles are permitted only when burdens upon suspect classifications or abridgments of fundamental rights are involved. *Clements v. Fashing* (1982), 457 U.S. 957, 963 [102 S.Ct. 2836, 2843–2844, 73 L.Ed.2d 508, 515–516]."

■ Appellant does not claim that it is a member of a suspect class or that a fundamental right is involved, and we concur. Our review is limited to an application of the "rational relationship" test as cited *supra*. Therefore, our inquiry is: Does the limitation of an amount collectible by a health care server or supplier bear a rational relationship to a governmental interest?

The statutes alone do not impose a percentage restriction, but the statutes mandate in the *form* required that the calculations of the amount to be attached

be limited to twelve percent. 1992 Am.Sub.H.B. No. 478 includes various amendments and enactments relative to health care benefit plans, coverage for small employers, mandated health care coverage, limits on administrative expenses for sickness and accident insurers, coordination of benefits, refunds for errors in provider billing statements, use of standard health benefit forms, student loaning and other health care and health insurance related items, including this percentage change to the garnishment statute. Given the community concern over the rising costs of health care and the national emphasis on health care reform, it is obvious that this legislative package was an attempt by the General Assembly to step in line with a current political issue.

Although notified of an appeal of the constitutionality of a statute pursuant to R.C. 2721.12, the Ohio Attorney General did not file a brief. Appellees also did not file a brief. This court is left out in the cold to speculate concerning any rational relationship to a governmental interest. After a cursory review of other amended statutes, we find that these statutes do reflect a governmental interest, *i.e.*, regulation of the insurance industry, aid to students, etc. There is no overwhelming governmental interest in the garnishment laws of Ohio except that they must afford due process to the debtor.

Accordingly, we find no governmental interest in the singling out of a class of creditors and subjecting the class to a lower percentage that the class may attach. We find that R.C. 2716.021 and 2716.051 violate the Equal Protection Clauses of the United States and Ohio Constitutions and are therefore unconstitutional.

Appellant's assignments of error are sustained.

Because we have sustained appellant's assignments of error based upon the Equal Protection Clauses of the United States and Ohio Constitutions, we need not address appellant's due process arguments.

The judgment of the Canton Municipal Court of Stark County, Ohio, is hereby vacated and remanded.

*Judgment vacated*
*and cause remanded.*

GWIN, P.J., and SMART, J., concur.