ST. ANN'S HOSPITAL, Appellant,

v.

ARNOLD, Appellee.

[Cite as *St. Ann's Hosp. v. Arnold* (1996), 109 Ohio App.3d 562.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Decided Feb. 27, 1996.

*Perry R. Silverman Co., L.P.A.,* and *Perry R. Silverman,* for appellant.

*Ralph E. Arnold, pro se.*

PETREE, Presiding Judge.

This matter is before this court upon the appeal of plaintiff, St. Ann's Hospital, from the judgment of the Franklin County Municipal Court overruling plaintiff's motion for leave to file a wage garnishment under R.C. 2716.05. Upon appeal, plaintiff asserts three assignments of error:

"I. The Franklin County Municipal Court erred to the prejudice of plaintiff-appellant St. Ann's Hospital in overruling appellant's motion for leave to file a wage garnishment against the appellee under R.C. 2716.05.

"II. The Franklin County Municipal Court erred to the prejudice of plaintiff-appellant St. Ann's Hospital in holding that R.C. 2716.021 and R.C. 2716.051 are constitutional.

"III. The Franklin County Municipal Court erred to the prejudice of plaintiff-appellant St. Ann's Hospital in failing to hold that R.C. 2716.021 and 2716.051 violated the plaintiff-appellant's right to equal protection of the law under the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution."

On January 14, 1993, Am.Sub.H.B. No. 478, 144 Ohio Laws, Part IV, 5576, became effective. This legislation included the enactment of R.C. 2716.021 and 2716.051, which limit the percentage of disposable income subject to garnishment by health care judgment creditors to twelve percent of a judgment debtor's disposable earnings. All other judgment creditors are permitted under R.C. 2716.05 to garnish twenty-five percent of a judgment debtor's disposable earnings.

On May 3, 1993, plaintiff filed a civil action against defendant, Ralph E. Arnold, to collect an account for hospital services rendered to defendant. Default judgment was granted against defendant on August 2, 1993. Plaintiff attempted to collect the judgment by garnishing defendant's wages. To that end, on January 5, 1995, plaintiff filed a motion requesting leave to file the garnishment pursuant to R.C. 2716.05. In its motion, plaintiff challenged the constitutionality of R.C. 2716.021 and 2716.051, claiming that the limitation on a percentage attachment of wages as it applied only to health care services rendered or health

care supplies provided to the judgment debtor violates the equal protection provisions of the Ohio and United States Constitutions. The Ohio Attorney General declined to participate in this matter. On April 7, 1995, the trial court overruled plaintiff's motion. Plaintiff timely appeals.

As all three of plaintiff's assignments of error challenge the constitutionality of R.C. 2716.021 and 2716.051, we will address them together.

 Preliminarily, we note that legislative enactments enjoy a presumption of constitutionality. *Beatty v. Akron City Hosp.* (1981), 67 Ohio St.2d 483, 493, 21 O.O.3d 302, 308, 424 N.E.2d 586, 592–593. When a statute is challenged as unconstitutional, "courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible," the statute. *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450. A statute can be declared invalid only when its unconstitutionality is shown beyond a reasonable doubt. *Cincinnati Bd. of Edn. v. Walter* (1979), 58 Ohio St.2d 368, 376, 12 O.O.3d 327, 331–332, 390 N.E.2d 813, 819.

The Fourteenth Amendment to the United States Constitution provides that "[n]o State * * * shall deny to any person within its jurisdiction equal protection of the laws." Section 2, Article I of the Ohio Constitution provides that "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit * * *."

As noted previously, creditors owed for health care services rendered or health care supplies provided are specifically segregated into a separate class of creditors in R.C. 2716.021. By operation of R.C. 2716.051, the General Assembly has limited the percentage of the amount of earnings subject to garnishment by this class to twelve percent of disposable earnings. Under R.C. 2716.05, the percentage of the amount of earnings subject to garnishment by all other creditors is twenty-five percent of disposable earnings. Thus, by their operation, R.C. 2716.021 and 2716.051 create two distinct classes of judgment creditors: those who are owed money for health care services rendered or health care supplies provided and all other judgment creditors.

 The equal protection clauses of the Ohio and United States Constitutions do not forbid legislative classifications. Under traditional equal protection analysis, "class distinctions in legislation are permissible if they bear some rational relationship to a legitimate governmental objective. Departures from traditional equal protection principles are permitted only when burdens upon suspect classifications or abridgments of fundamental rights are involved." *State ex rel. Vana v. Maple Hts. City Council* (1990), 54 Ohio St.3d 91, 92, 561 N.E.2d 909, 911, citing *Clements v. Fashing* (1982), 457 U.S. 957, 963, 102 S.Ct. 2836, 2843–2844, 73 L.Ed.2d 508, 515–516. Plaintiff does not contend, and we do not

find, that it is a member of a suspect class or that a fundamental right is involved. Thus, R.C. 2716.021 and 2716.051 must be upheld if they bear "a rational relationship to a legitimate governmental interest."

The Ohio Supreme Court has held that under a rational-basis analysis, a court must uphold a statutory classification unless the classification is *"wholly irrelevant* to achievement of the state's purpose." (Emphasis *sic.*) *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181, 183, citing *McGowan v. Maryland* (1961), 366 U.S. 420, 425, 81 S.Ct. 1101, 1104–1105, 6 L.Ed.2d 393, 399. Stated another way, "the statute must be upheld if there exists any conceivable set of facts under which the classification rationally furthered a legitimate legislative objective." *Denicola v. Providence Hosp.* (1979), 57 Ohio St.2d 115, 119, 11 O.O.3d 290, 293, 387 N.E.2d 231, 234, citing *McGowan, supra.* This court has previously articulated the test for determining whether or not a legislative classification is grounded upon a rational basis as "whether any state of facts, either known, or which can reasonably be assumed, supports the classification. If the question is at least debatable, then the decision is a legislative one and the classification will be upheld." *State v. Babcock* (1982), 7 Ohio App.3d 104, 106, 7 OBR 136, 138–139, 454 N.E.2d 556, 560, citing *United States v. Carolene Products Co.* (1938), 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234.

The United States Supreme Court has repeatedly held that, under a rational-basis review, the legislature need not " 'actually articulate at any time the purpose or rationale supporting its classification.' " *Heller v. Doe* (1993), 509 U.S. 312, 320, 113 S.Ct. 2637, 2642, 125 L.Ed.2d 257, 270, quoting *Nordlinger v. Hahn* (1992), 505 U.S. 1, 15, 112 S.Ct. 2326, 2334, 120 L.Ed.2d 1, 16. "Where * * * there are plausible reasons for [the legislature's] action, our inquiry is at an end. It is, of course, 'constitutionally irrelevant whether this reasoning in fact underlay the legislative decision,' * * * because this Court has never insisted that a legislative body articulate its reasons for enacting a statute." *United States R.R. Retirement Bd. v. Fritz* (1980), 449 U.S. 166, 179, 101 S.Ct. 453, 461, 66 L.Ed.2d 368, 378.

Against this standard, we must determine if a violation of the Equal Protection Clauses of the Ohio or United States Constitutions exists. In this determination, we must first look for any expressions of the legislative purpose in the passage of Am.Sub.H.B. No. 478, the Act in which R.C. 2716.021 and 2716.051 were enacted.

Section 19 of Am.Sub.H.B. No. 478 sets forth the legislative purpose of the Act as follows:

"This act is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health, and safety. The reason for such necessity is that immediate action is required to provide Ohioans with

expanded access to affordable health care coverage, thereby reducing the significant numbers of adults and children who suffer financially and medically in the absence of health insurance protection, and ensuring a health care system that is responsive to the health and safety of the approximately 1,400,000 uninsured persons in Ohio. Therefore, this act shall go into immediate effect." 144 Ohio Laws, Part IV, 5773.

Plaintiff urges this court to adopt the reasoning espoused by the Stark County Court of Appeals in *Community Physical Therapy v. Wayt* (1994), 93 Ohio App.3d 612, 639 N.E.2d 515, wherein the court, concluding that there is "no overwhelming governmental interest in the garnishment laws of Ohio except that they must afford due process to the debtor" and "no governmental interest in the singling out of a class of creditors and subjecting the class to a lower percentage that the class may attach," held that R.C. 2716.021 and 2716.051 violate the Equal Protection Clauses of the United States and Ohio Constitutions and are therefore unconstitutional.

We decline to adopt the holding of the Stark County Court of Appeals. The General Assembly declared R.C. 2716.021 and 2716.051 to be "an emergency measure necessary for the immediate preservation of the public peace, health, and safety" for the purpose of ensuring expanded access to affordable health care coverage for Ohio citizens, especially those citizens who cannot afford health care insurance. Thus, the ultimate goal of the legislation was to ensure the provision of health care to the citizens of Ohio. The state of Ohio has a legitimate governmental interest in protecting the health and welfare of its citizens. *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 274–275, 28 OBR 346, 349–351, 503 N.E.2d 717, 720–722. While we believe that the goals of the Act are proper, we must now consider whether there is a rational relationship between those goals and R.C. 2716.021 and 2716.051.

In the instant action, the trial court incorporated a referee's report rendered in a similar action as the basis for its judgment. In that report, the referee found that R.C. 2716.021 and 2716.051 furthered the state's interest in ensuring its citizens access to affordable medical care by allowing the recipients of medical services to retain a larger portion of their disposable income in the short term, which, theoretically, will enable providers of health care services and supplies to collect the entire amount of the debt owed to them over the long term.

Our research indicates that only two other Ohio appellate courts have been faced with the precise issue before us. In *Lima Mem. Hosp. v. Dardio* (Oct. 18, 1995), Allen App. No. 1–95–38, unreported, 1995 WL 641285, the Allen County Court of Appeals held that the limitation on the rate of wage garnishments to twelve percent for health care judgment creditors bears a rational relationship to

the General Assembly's goal of providing Ohioans with expanded access to affordable health care coverage.

Similarly, in *Wooster Community Hosp. v. Anderson* (1996), 108 Ohio App.3d 290, 296, 670 N.E.2d 563, 566, the Wayne County Court of Appeals held that R.C. 2716.021 and 2716.051 bear a rational relationship to the state's interest in protecting the health of its citizens by "easing their financial burdens and encouraging them to seek out medical treatment." For the following reasons, this court, too, finds such a rational relationship.

Strong policy reasons exist for the General Assembly to provide special protection to health care debtors. First, the General Assembly might have believed that a person should seek necessary health care even if the person was uncertain he could afford it. A person is more likely to seek necessary health care if the terms of payment or garnishment are favorable. Second, the legislature might have believed that persons who have incurred catastrophic health care costs are likely to incur future health care costs and that garnishment should be capped so as to ensure that more money will be available for future health care costs. These rational bases support a finding of constitutionality.

Ohio's exemption statutes constitute a similar attempt by the General Assembly to protect health care debtors. One purpose of these statutes is to protect the public, which would otherwise be burdened with the support of an insolvent debtor's family. *In re Hewit* (N.D.Ohio 1917), 244 F. 245. Ohio's exemption statutes classify various kinds of property as exempt from execution, garnishment, attachment, and sale to satisfy a judgment, and distinguish between health care creditors and all other types of creditors. For example, in the case of a judgment or order regarding money owed for health care services rendered or health care supplies provided to the judgment debtor, the general exemption statute provides that every person who is domiciled in Ohio may hold exempt from execution one motor vehicle. R.C. 2329.66(A)(2)(a). In the case of all other judgments and orders, the person's interest in a motor vehicle may not exceed one thousand dollars. R.C. 2329.66(A)(2)(b).

Similar policy concerns appear to support the instant legislation. The General Assembly's intent in enacting Am.Sub.H.B. No. 478 was to further its legitimate, established policy of exempting certain property from seizure and providing special protection to health care debtors.

 This court will not sit in judgment of the wisdom of legislative enactments. "[A] court has nothing to do with the policy or wisdom of a statute. That is the exclusive concern of the legislative branch of the government." *State ex rel. Bishop v. Mt. Orab Village Bd. of Edn.* (1942), 139 Ohio St. 427, 438, 22 O.O. 494, 498, 40 N.E.2d 913, 919. "[W]here the classification is the subject of

legitimate debate, the choice made by the General Assembly reflects a societal policy which must be adhered to by the courts." *Babcock, supra,* 7 Ohio App.3d at 107, 7 OBR at 140, 454 N.E.2d at 561.

In summary, after concluding that there exist many "conceivable set[s] of facts" under which the classifications set forth in R.C. 2716.021 and 2716.051 rationally further the state's legitimate legislative objective in protecting the health of its citizens by ensuring Ohioans expanded access to more affordable health care coverage, this court holds that the classifications do not unjustifiably discriminate against providers of health care services and supplies. Accordingly, we hold that R.C. 2716.021 and 2716.051 do not violate the equal protection provisions of the Ohio and United States Constitutions and are, therefore, constitutional. Plaintiff's first, second and third assignments of error are not well taken.

For the foregoing reasons, plaintiff's assignments of error are overruled and the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

LAZARUS and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.