**In re Richard A. HOLLINGSHEAD, Kathy L. Hollingshead, Debtors.**

**Bankruptcy No. 96–58524.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Nov. 24, 1997.

Thomas McK. Hazlett, Kinder, Harper, Hazlett & Hinzey, St. Clairsville, OH, for Chapter 7 Trustee.

D. William Davis, Lancione, Davis & Lloyd, Bellaire, OH, for Debtors.

## OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter came on for hearing April 18, 1997, on the objection of Thomas McK. Hazlett, the chapter 7 trustee, to the debtors' claim of exemption in the aggregate amount of $20,000 in their residence. The debtors seek to utilize the exemptions set forth in both Ohio Revised Code § 2329.66(A)(1)(a) and (A)(1)(b). The trustee contends that these provisions may not be combined, and that the total homestead exemption which the debtors may claim is, therefore, $10,000.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter under 28 U.S.C. § 157(b)(1)(B).

Ohio Revised Code, Section 2329.66 provides in relevant part:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
(1)(a) In the case of a judgment or order regarding money owed for health care services rendered or health care supplies provided to the person or a dependent of the person, one parcel or item of real or personal property that the person or a depen-dent of the person uses as a residence. Division (A)(1)(a) of this section does not preclude, affect, or invalidate the creation under this chapter of a judgment lien upon the exempted property, but only delays the enforcement of the lien until the property is sold or otherwise transferred by the owner or in accordance with other applicable laws to a person or entity other than the surviving spouse or surviving minor children of the judgment debtor. Every person who is domiciled in this state may hold exempt from a judgment lien created pursuant to division (A)(1)(a) of this section the person's interest, not to exceed five thousand dollars, in the exempted property.
(b) In the case of all other judgments and orders, the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Ohio Revised Code § 2329.66(A)(1) (Anderson 1997).

At the Court's direction, the trustee filed a notice for creditors to file claims following the April 18, 1997 hearing. The bar date for the filing of claims was July 28, 1997. Five creditors filed proofs of claim, including Belmont Savings Bank, Christopher Marquart M.D., Anesthesiologists of Wheeling, Benwood Medical Clinic, and Ohio Valley Medical Center. With the exception of Belmont Savings Bank, the holder of a fully secured mortgage, all claimants appear to be providers of health care services and/or supplies.

The debtors valued their residence at the time they filed their petition as $41,500. The residence is subject to a mortgage in favor of Belmont Savings Bank. The bank has filed an amended claim stating that the balance owed on the mortgage as of the petition date was $18,877.38. Benwood Medical Clinic, Inc. also apparently holds a judgment lien against the residence in the amount of $849.20. Accepting the debtors' valuation, and considering the costs associated with any sale of the property, the equity existing in the residence is approximately $17,623.80. From this amount, it is clear that if the debtors are entitled to claim a total homestead exemption

of $20,000, no equity would exist for the benefit of unsecured creditors. If, on the other hand, their exemption is limited to $10,000, as the trustee maintains, some $7,623.80 would remain.

With the exception of equal protection challenges brought by providers of health care services and supplies, *see e.g., St. Ann's Hospital v. Arnold,* 109 Ohio App.3d 562, 672 N.E.2d 743 (1996), it does not appear that Ohio courts have addressed the provisions found in § 2329.66(A)(1)(a) and related statutes. Thus, this Court is left with little guidance as to whether the legislature intended debtors to be able to "stack" the two homestead exemptions.

If the trustee in bankruptcy sells the debtors' residence, which he is entitled to do pursuant to 11 U.S.C. § 363 without regard to the character of the scheduled creditors, the debtors each will be entitled to assert an exemption in any proceeds of sale remaining after costs of sale and the mortgage have been paid. The Court believes each debtor's homestead exemption, however, is limited to a total of $5,000.

 The Court's determination that each debtor's homestead exemption is limited to $5,000 arises from the Court's reading of § 2329.66(A)(1)(a) to create a delay in the execution remedy only. If the creditor has a "health care" judgment, as that is defined under the statute, the creditor's execution remedy is delayed until the property is sold by the judgment debtor or under the execution rights of a non "health care" creditor. When that sale occurs, and despite the delay in remedy, the debtor retains the right to exempt $5,000 in net proceeds not subject to otherwise valid consensual or statutory liens from the claims of the "health care" creditors. Subsection (b) of § 2329.66(A)(1) also gives each debtor the right to assert a $5,000 exemption against non "health care" creditors. If each debtor's interest in the net proceeds exceeds the $5,000 exemption, "health care" and non "health care" judgment creditors would have rights to those proceeds in accordance with the perfection and priority provisions of state law. This Court does not, therefore, conclude that the addition of § 2329.66(A)(1)(a) was intended to create an additional exemption, but merely to limit an execution remedy. Further, all creditors sharing in these proceeds after the mortgage and costs of sale are paid are "health care" creditors.

Based on the foregoing the trustee's objection to the debtors' claim of exemption is sustained to the extent either debtor is attempting to assert an exemption in excess of $5,000 under the provisions of Ohio Revised Code § 2329.66(A)(1).

**IT IS SO ORDERED.**