[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Plaintiff-Appellant, Richard D. Bell, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellees Robert Beightler, Warden of the Orient Correctional Institution, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), and Ohio Attorney General Betty D. Montgomery.
 {¶ 2} Appellant is an inmate at Orient Correctional Institution. The Ohio Attorney General obtained a judgment against appellant pursuing subrogation rights on behalf of the Ohio Crime Victims Fund in 1998. Since obtaining the judgment, the attorney general has pursued collection from appellant's prison account pursuant to R.C. 5120.133 and related Ohio Administrative Code provisions, which together establish the process by which creditors may collect from inmate debtors through garnishment of the inmate's prison account.
 {¶ 3} Appellant filed his complaint in the present case seeking to enjoin seizure of his prison account funds by appellees Beightler and Wilkinson pursuant to the judgment obtained by the attorney general. Appellant's complaint avers that the judgment obtained by the attorney general against him is void and cannot support a collection action against him. Appellant further asserts that the collection process under R.C. 5120.133 is unconstitutional because it violates appellant's due process and equal protection rights under the Ohio and United States Constitutions, and the open courts, judicial powers, and retroactivity sections of the Ohio Constitution.
 {¶ 4} Appellant's complaint further avers that appellant is a party to an action in Federal District Court arising out of the 1993 prison riot at the Southern Ohio Correctional Facility, case number C-1-93-436, Southern District of Ohio, Western Division. Appellant anticipates that he will receive a damage award from this case as a result of injuries inflicted or property damage caused by the rioting inmates. Appellant seeks to have R.C. 2329.66, which denies to inmates the $5,000 exemption for personal injury judgments which would otherwise apply to a debtor subject to garnishment, declared unconstitutional as violating appellant's right to due process and equal protection and as violating the retroactivity provisions of the Ohio Constitution.
 {¶ 5} Appellant's complaint seeks monetary damages under Section 1983, Title 42, U.S. Code for violation of his civil rights, and preliminary and permanent injunctions enjoining appellees from further collection from his prison inmate account.
 {¶ 6} The court of common pleas granted judgment for appellees on a number of grounds. The court initially found that appellant had failed to file an affidavit enumerating his prior civil actions, part of the filing requirements for prisoner lawsuits under R.C. 2969.25. The trial court further concluded that appellant was subject to a valid judgment in favor of the attorney general in the attorney general's prior subrogation action against appellant on behalf of the Ohio Crime Victims Fund, and that this valid judgment would support a collection process. The trial court found that appellant's contention that he had never been served in the prior action was insufficient to create a material question of fact on this issue, because of the strength of the documentary evidence submitted by appellees establishing that appellant had been served. The trial court rejected appellant's constitutional attacks on R.C. 5120.133
and 2329.66, and found that injunctive relief was not appropriate in the case. The trial court accordingly granted judgment in favor of all three appellees.
 {¶ 7} Appellant has timely appealed and brings the following assignments of error:
 {¶ 8} "ASSIGNMENT OF ERROR NO. 1:
 {¶ 9} "The trial court erred in granting summary judgment as to the validity of the judgment without holding a trial and erred in making such decisions when there was conflicting evidence as to the crucial issue of service.
 {¶ 10} "ASSIGNMENT OF ERROR NO. 2:
 {¶ 11} "The trial court erred and abused its discretion in finding there was no basis for injunctive relief because all funds had not been paid to plaintiff-appellant and he could not demonstrate irreparable harm.
 {¶ 12} "ASSIGNMENT OF ERROR NO. 3:
 {¶ 13} "The trial court erred in granting summary judgment as to the issue of the constitutionality of section 5120.133, Ohio Revised Code.
 {¶ 14} "ASSIGNMENT OF ERROR NO. 4:
 {¶ 15} "The trial court erred and abused its discretion in ruling section 2329.66(A)(12)(c), Ohio Revised Code, did not violate the Ohio and Federal Constitution in preventing plaintiff-appellant from claiming the exemption for his civil rights recovery.
 {¶ 16} "ASSIGNMENT OF ERROR NO. 5:
 {¶ 17} "The trial court erred and abused its discretion in granting summary judgment in favor of the Attorney General of Ohio.
 {¶ 18} "ASSIGNMENT OF ERROR NO. 6:
 {¶ 19} "The trial court erred when it ruled plaintiff-appellant's counsel should have filed an affidavit of no pending actions pursuant to section 2969.25, et seq, Ohio Revised Code, and the state is thereby entitled to summary judgment.
 {¶ 20} "ASSIGNMENT OF ERROR NO. 7:
 {¶ 21} "The trial court erred and abused its discretion in granting summary judgment for failure of plaintiff-appellant to exhaust administrative remedies.
 {¶ 22} "ASSIGNMENT OF ERROR NO. 8:
 {¶ 23} "The trial court erred and abused its discretion in granting summary judgment, ruling plaintiff-appellant was not entitled to declaratory judgment and injunctive relief."
 {¶ 24} In the interest of developing the issues presented in logical sequence, we will address appellant's assignments of error out of numerical order.
 {¶ 25} Appellant's first assignment of error asserts that the trial court erred in granting summary judgment for appellees on the question of whether the underlying judgment obtained against appellant by the Ohio Attorney General was valid. Appellee Montgomery, in her capacity as Ohio Attorney General and acting on behalf of the Ohio Crime Victims Fund, filed suit against appellant and various other defendants in the Franklin County Court of Common Pleas. The suit sought reimbursement from the defendants for money paid by the Ohio Crime Victims Fund to victims or families of victims of the defendant's crimes pursuant to the crime victims reparations act, R.C. 2743.51 et seq. Ohio Attorney Gen v. John Doe No. 26, Franklin County Court of Common Pleas case No. 97CVH08-7906. Appellant was identified as John Doe 60 in the complaint, but there is no indication that this impeded identification of appellant personally. Appellant failed to file an answer in the attorney general's subrogation action, and consequently a default judgment was entered against him. Appellant has not appealed from that judgment.
 {¶ 26} In the present case, appellant asserts that the default judgment obtained by the attorney general in the subrogation action is void because appellant was never served with the complaint. Consequently, appellant argues, any subsequent collection action undertaken in enforcement of the judgment is unenforceable.
 {¶ 27} In arguing for summary judgment on this issue, appellees presented the following documentary evidence: (1) a U.S. postal service return receipt for certified mail, bearing an identifying number, and addressed to "John Doe 60, Warren Corr. Inst."; (2) a printout of the court's case management program page noting service by certified mail upon John Doe 60 and bearing the same certified mail number; (3) the sworn certification of records obtained from the mail room supervisor at Warren Correctional Institution, where appellant was then incarcerated; and (4) the mail receipt log for the institution showing that appellant signed for an item bearing the same certified mail number as the copy of the complaint mailed by the court.
 {¶ 28} In opposition to summary judgment appellant presented his own two affidavits. In these, he asserts that "[h]e has every document he received as legal mail and there is no complaint or summons from the Franklin County Common Pleas Court, case number 97CVH08-7906." In his second affidavit, appellant "says he has signed for legal mail in the past, but that he did not sign for the Summons and Complaint in the above case."
 {¶ 29} This aspect of the case was decided on summary judgment. Civ.R. 56(C) states that summary judgment shall be granted if:
 {¶ 30} "* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
 {¶ 31} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial.
 {¶ 32} Appellate review of summary judgments is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. Dresher, supra; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38.
 {¶ 33} Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party. C.R. Withem Enterprises, v. Maley (Sept. 23, 2002), Fairfield App. No. 01 CA-54, 2002-Ohio-5056, at ¶ 24; Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 170
(Cook, J., concurring in part and dissenting in part).
 {¶ 34} While there may be aspects to the facts of any given case upon which the nonmoving party may be uniquely qualified to offer testimony, Hood v. Diamond Products, Inc. (1996), 74 Ohio St.3d 298, we believe that the facts of the present case generally point out the insufficiency of appellant's unsupported affidavits by which he seeks to contradict the documentary evidence presented by appellees. This documentary evidence is detailed and comprehensive in establishing service of the attorney general's complaint in the subrogation action against appellant. It establishes the chronology of mailing and receipt by appellant, over his signature, of a numbered item of certified mail. Appellant's affidavits do not deny that the signature on the prison log is his, nor explain how he could have signed for documents without receiving them. If appellant raised a question about the efficacy or reliability of the mail delivery and log process, a different conclusion might be reached, but in the present context, we find that, based upon the completeness of the records submitted by appellees, appellant has not set forth specific facts showing that there remains a material issue of fact for trial. We accordingly find that the trial court did not err in granting summary judgment for appellees on this issue and appellant's first assignment of error is overruled.
 {¶ 35} We now turn to appellant's sixth assignment of error, which asserts that the trial court erred when it ruled that appellant's complaint should be dismissed for failure to comply with the prisoner filing requirements of R.C. 2969.21 et seq. R.C. 2969.25(A) provides that an inmate pursuing a civil action or appeal must file an affidavit describing "each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The provisions of R.C. 2969.25(A) are mandatory, and failure to comply will constitute grounds for dismissal. State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285. Appellant argues, however, that the requirements of R.C. 2969.25(A) are tailored to restrict frivolous or abusive filings by inmates proceeding pro se, and should not apply to civil actions or appeals brought by an inmate who is represented by counsel, as was appellant in the present case.
 {¶ 36} This appears to be a question that has not been squarely addressed by any Ohio court. Cases may be found in which an inmate represented by counsel suffered dismissal of his action for failure to comply with R.C. 2969.25(A), see, e.g., Rideau v. Russell (Apr. 23, 2001), Warren App. No. CA2000-07-065; these cases, however, do not explicitly address the question of whether such an affidavit should be filed in cases where inmates are represented by counsel, and thus it appears that the argument was not raised or considered. We address the question as one of first impression.
 {¶ 37} The inmate filing requirements in a civil action by an inmate against a governmental entity or employee, set forth at R.C. 2969.21
et seq., were formulated to curb abusive litigation by inmates which threatens to impair the judicial efficiency of the court. See, generally, Hattie v. Andrews (May 14, 1998), Franklin App. No. 97AP-1446. By far the greater proportion of litigation affected by these provisions represents pro se litigation by inmates. Appellant persuasively argues in this appeal that, in cases where inmates are represented by counsel, the preexisting curbs upon conduct imposed by counsel's ethical and professional restraints largely obviate the risk of the kind of frivolous litigation which R.C. 2969.21 et seq. was meant to control. This is particularly applicable to R.C. 2969.25(H), which is specifically aimed at preventing duplicative and repetitive actions by inmates, often filed in separate jurisdictions, including state and federal courts simultaneously. Hattie, supra.
 {¶ 38} Other courts, including the nation's highest, have noted the lessened risk of frivolous filings in cases where counsel is present:
 {¶ 39} "The goal of fairly dispensing justice * * * is compromised when the court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations — filing fees and attorney's fees — that deter other litigants from filing frivolous petitions." In re Sindram (1991),498 U.S. 177, 179-180, 111 S.Ct. 596, 597.
 {¶ 40} It is the professional responsibility of counsel to determine whether a client's action is justified both on its merits and in the context of possible other, parallel, actions involving the same parties in competing jurisdictions. Counsel disregarding such a basic obligation would be subject to sanctions and possibly even disciplinary action. The necessity of imposing additional filing requirements is thus less apparent where an inmate is represented by counsel.
 {¶ 41} Further support for appellant's position can be found in the language of R.C. 2969.25 itself. R.C. 2969.25(A) states that "at the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Ordinarily, a statute describing an instance in which a person "commences" a civil action might be read to include both persons functioning pro se or represented by counsel, as long as the person initiating the action was a party. R.C. 2969.25(B), however, provides that inmates filing three or more civil actions or appeals within the prior 12 months may be subject to an additional restriction in that the court: "may appoint a member of the bar to review the claim that is the basis of the civil action or the issues of law that are the basis of the appeal and to make a recommendation regarding whether the claim asserted in the action or the issues of law raised in the appeal are frivolous or malicious * * *."
 {¶ 42} Clearly, the thrust of this section contemplates that the potentially frivolous action in question has not been reviewed by a member of the bar, i.e., has not been prepared and filed by counsel for the inmate, who would be professionally and ethically bound to conduct the very review prescribed by R.C. 2969.25(B). This supports the contention that R.C. 2969.25 is intended to apply only to pro se litigants.
 {¶ 43} We find that both the underlying purpose of R.C. 2969.25
and the language of the statute support appellant's position. We conclude, therefore, that R.C. 2969.25(A) filing requirements do not apply in instances where an inmate's civil action against a government entity or employee is filed by counsel representing the inmate plaintiff. We accordingly find that appellant's sixth assignment of error is sustained, and that the trial court erred in finding that appellant's complaint should be dismissed on this basis. This conclusion on this procedural issue causes us next to examine the merits of appellant's action.
 {¶ 44} We thus turn to appellant's constitutional challenge to R.C. 5120.133, which is raised in appellant's third assignment of error. R.C. 5120.133 provides a mechanism by which a creditors holding a valid judgment against an inmate debtor may collect from the inmate's prison account:
 {¶ 45} "(A) The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section.
 {¶ 46} "(B) The department may adopt rules specifying a portion of an inmate's earnings or other receipts that the inmate is allowed to retain to make purchases from the commissary and that may not be used to satisfy an obligation pursuant to division (A) of this section. The rules shall not permit the application or disbursement of funds belonging to an inmate if those funds are exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order pursuant to section2329.66 of the Revised Code or to any other provision of law."
 {¶ 47} It can be noted, therefore, that R.C. 5120.133, by its own explicit language, is in derogation of the general garnishment statutes of Ohio and addresses only the specific matter of collection of judgments from prisoner accounts. Exemptions available under R.C. 2329.66, which will be further discussed in connection with appellant's fourth assignment of error below, as well as other objections in regard to garnishment, are preserved and apply to a collection action brought pursuant to R.C. 5120.133.
 {¶ 48} Appellant asserts that R.C. 5120.133 is unconstitutional as it applies to him for a number of reasons: (1) the statute, which became effective in 1994, violates the retroactivity provisions of the Ohio Constitution; (2) the statute violates appellant's right to equal protection under the United States and Ohio Constitutions; (3) the statute violates appellant's right to due process under the United States and Ohio Constitutions; and (4) that the statute is unconstitutional under the judicial power clause, Section 1, Article IV, Ohio Constitution.
 {¶ 49} We first address appellant's equal protection arguments. The Fourteenth Amendment to the United States Constitution provides that "[n]o state shall * * * deny to any person within its jurisdiction the equal protection of the laws." Section 2, Article 1 of the Ohio Constitution provides that "[a]ll political power is inherent in the people. Government is instituted for their equal protection and benefit." Class distinctions in legislation are permissible if they bear some rational relationship to a legitimate governmental objective. State ex rel. Vana v. Maple Heights City Council (1990), 54 Ohio St.3d 91, 92. Departure from this principle is made when the statute in question places burdens upon suspect classifications of persons or an abridgement of fundamental rights is involved. Strict scrutiny would then be the standard of review. Id. Appellant has failed to establish that either a suspect class or fundamental right is involved in the present case. In particular, appellant repeats the oft-rejected argument that prison inmates constitute a suspect class for purposes of equal protection analysis. Ohio courts have consistently refused to adopt this view. See, e.g., Shockey v. Winfield (1994), 97 Ohio App.3d 409; Willis v. Ohio Dept. of Rehab. Corr. (Aug. 11, 1994), Franklin App. No. 94AP-345; State v. Chappell (Feb. 24, 1998), Franklin App. No. 97AP-543.
 {¶ 50} In the absence of a fundamental right or suspect class, application of the rational basis analysis to R.C. 5120.133 reveals no constitutional infirmity. The objective of the statute, allowing collection from inmate debtors upon a valid judgment obtained by creditors, is a permissible governmental objective which parallels the collection procedures for non-inmate debtors found elsewhere in the Ohio Revised Code, e.g., Chapter 2716 governing garnishments. R.C. 5120.133 is appropriately adapted to fit the special problems presented in pursuing collection from inmates and their prison accounts. The statute thus bears a rational relationship to a legitimate governmental interest, and sustains equal protection scrutiny.
 {¶ 51} Appellant also attacks the statute on due process grounds. Attachment or garnishment of debtor's assets must afford to the debtor procedural due process in compliance with the Fifth andFourteenth Amendments to the United States Constitution. Peebles v. Clement (1980),63 Ohio St.2d 314; Community Physical Therapy v. Wayt (1994),93 Ohio App.3d 612. Due process, however, "unlike some legal rules, is not a technical exception with a fixed concept unrelated to time, place, and circumstances." Cafeteria Workers v. McElroy (1961), 367 U.S. 886,895. "Due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer (1972),408 U.S. 471, 481. Thus, the concept of due process is flexible and varies depending on the importance of the deprivation at stake and the particular circumstances under which the deprivation may occur. Walters v. Natl. Assoc. of Radiation Survivors (1985), 473 U.S. 305, 320,105 S.Ct. 3180, 3189. Generally, due process under the Ohio and United States Constitutions demands a right to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, where the state seeks to infringe a protected liberty or property interest. State v. Hochhausler (1996), 76 Ohio St.3d 455. In cases of garnishment or attachment, this specifically includes the opportunity to present objections and exemptions to the garnishment order. Peebles at 321.
 {¶ 52} Ohio Adm. Code Section 5120-5-03, promulgated pursuant to R.C. 5120.133, provides the following detailed procedure to be followed by corrections personnel prior to undertaking collection from an inmate's prison account:
 {¶ 53} "(C) When a certified copy of a judgment from a court of proper jurisdiction is received directing the DRC [Department of Rehabilitation and Correction] to withhold funds from an inmate's account, the warden's designee shall take measures to determine whether the judgment and other relevant documents are facially valid. If a facial defect is found then a letter of explanation shall be sent to the clerk or other appropriate authority and the collection process stops until the defect is cured. If no defect is found, the warden's designee shall promptly deliver to the inmate adequate notice of the court-ordered debt and its intent to seize money from his/her personal account. The required notice must inform the inmate of a right to claim exemptions and types of exemptions available under section 2329.66 of the Revised Code and a right to raise a defense as well as an opportunity to discuss these objections with the warden's designee. This practice provides safeguards to minimize the risk of unlawful deprivation of inmate property.
 {¶ 54} "When the pre-deprivation notice is delivered to the inmate, the warden's designee shall also deliver notice to place a hold on the inmate's account to the cashier. The court ordered amount or available portion thereof shall be held until further notice by the designee.
 {¶ 55} "After the inmate's timely opportunity to assert any exemption or defense, the designee shall review the record and determine the department's authority to withdraw money from the inmate's account. The inmate shall receive notice of the designee's decision to either remove the hold and withdraw no money or initiate payments."
 {¶ 56} Appellant's contention is that the substitution of the above-outlined administrative hearing process prior to garnishment of the prisoner account presents substantially less protection against unlawful deprivation than the court hearings available under R.C. 2716.01 to2716.21, the general garnishment statutes. We find to the contrary that the procedure set forth in Ohio Adm. Code 5120-5-03 provides adequate due process to an inmate debtor prior to authorizing collection from his inmate account. The regulations specifically provide for a hearing at which the inmate may present objections and exemptions to the collection process. In fact, the administrative procedure outlined may present greater safeguards for inmates than if they were obligated to articulate their objections and exemptions before a remote trial court in a non-oral hearing. Even without engaging in such speculation, we can conclude that the procedure outlined in R.C. 5120.133 and Ohio Adm. Code 5120-5-03
affords due process to inmate debtors prior to their collection from inmate accounts, since it provides for adequate notice and hearing.
 {¶ 57} Appellant further attacks R.C. 5120.133 as violating the retroactivity provisions of the Ohio Constitution, Section 28, Article II. We find that in the present case the statute has not been applied retroactively, and, moreover, the statute is procedural in nature and not subject to the retroactivity provisions of Section 28, Article II.
 {¶ 58} A statute or ordinance is substantive if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction. Bielat v. Bielat (2000), 87 Ohio St.3d 350, 354. In contrast, "[r]emedial laws are those that substitute a new or different remedy for the enforcement of an accrued right, as to compared to the right itself * * * and generally come in the form of `rules of practice, courses of procedure, or methods of review.'" State ex rel. Kilbane v. Indus. Comm. (2001), 91 Ohio St.3d 258, 260, quoting State ex rel. Slaughter v. Indus. Comm. (193), 132 Ohio St. 537, 542. A purely remedial law will not violate Section 28, Article II, even when it is applied retroactively. Bielat at 354. We find R.C. 5120.133 falls squarely within the above description of remedial or procedural statutes not subject to invalidation on the basis of retroactivity. Furthermore, we find on the present facts that the statute has not been applied retroactively to appellant. The statute became effective on October 6, 1994. The attorney general obtained the subrogation judgment against appellant in 1998, and thereafter began collection proceedings pursuant to R.C. 5120.133. The statute predates the judgment which gave rise to the collection action, and is thus not applied retroactively to appellant.
 {¶ 59} Finally, we turn to appellant's argument that R.C. 5120.133
is unconstitutional under the judicial power clause, Section 1, ArticleIV, Ohio Constitution: "The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from time to time be established by law." In Ohio's constitutional scheme, judicial power thus resides exclusively in the judicial branch. State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132. It is a judicial function to hear and determine a controversy between adverse parties, to ascertain the facts, and after applying the law to the facts, render a final judgment. Id., at 136, citing Fairview Ohio v. Giffee (1905),73 Ohio St. 183, 190. Certain judicial functions are solely the function of the courts and may not be abrogated or usurped by the legislature, e.g., the determination of guilt and sentence in a criminal case. Bray at 135. Others, such as prison discipline, may be delegated as they represent an exercise of executive power pursuant to statutes enacted by the legislature. This preservation of judicial power under Section 1, Article IV, is intrinsic to the foundational doctrine of separation of governmental powers. State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 475. The legislature, however, retains the power to define the jurisdiction of the courts as long as powers inherently reserved for the judiciary are not infringed upon. Seventh Urban, Inc. v. University Circle (1981), 67 Ohio St.2d 19.
 {¶ 60} While the legislature has placed in the courts general authority to govern the garnishment process under R.C. Chapter 2716, we find that removal of one specific aspect or form of garnishment from the judicial arena to the administrative one does not violate the Ohio Constitution's judicial powers clause. Most significantly, we note that here the courts have passed upon the issue that represents the crux of the case: It was the court of common pleas which duly rendered the judgment by which appellant became a debtor subject to the collection process under R.C. 5120.133. Appellant had the opportunity to invoke the jurisdiction of the courts by defending that action and did not do so. Once judgment was rendered against appellant, we find that delegation of the ancillary collection process does not violate Section 1, Article IV.
 {¶ 61} "`Societal conditions occasionally require the law to change in a way that denies a plaintiff a cause of action available in an earlier day. * * * "This Court would encroach upon the Legislature's ability to guide the development of the law if we invalidated legislation simply because the rule enacted by the Legislature rejects some cause of action currently preferred by the courts. To do so would be to place certain rules of the `common law' and certain non-constitutional decisions of courts above all change except by constitutional amendment. * * *" ' " Sedar v. Knowlton Constr. Co. (1990), 49 Ohio St.3d 193, 202. quoting Klein v. Catalano (1982), 386 Mass. 701.
 {¶ 62} In summary, based upon the foregoing discussion of the various issues raised in appellant's third assignment of error, we find that the trial court did not err in rejecting appellant's constitutional attack on R.C. 5120.133, and the assignment of error is overruled.
 {¶ 63} Appellant's fourth assignment of error asserts that the trial court erred in failing to find that R.C. 2329.66(A)(12)(c) was unconstitutional. The trial court found that this issue was not ripe for judicial review. R.C. 2329.66 generally sets forth the exemptions that may be claimed by a debtor in a garnishment action. R.C. 2329.66(A)(12)(c) provides the following exemption from garnishment for the proceeds of personal injury judgments and settlements, while denying the exemption to inmates:
 {¶ 64} "Except in cases in which the person who receives the payment is an inmate, as defined in section 2969.21 of the Revised Code, and in which the payment resulted from a civil action or appeal against a government entity or employee, as defined in section 2969.21 of the Revised Code, a payment, not to exceed five thousand dollars, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the person or an individual for whom the person is a dependent[.]"
 {¶ 65} The language denying the personal injury settlement exemption to inmates became effective by amendment on October 17, 1996, some three years after the Southern Ohio Correctional Facility prison riot. In contrast to appellant's retroactivity arguments with respect to R.C. 5120.133, appellant has raised a colorable argument of retroactivity in the application of R.C. 2329.66(A)(12)(c) to any personal injury proceeds he receives from the federal lawsuit seeking compensation for damages resulting from the 1993 prison riot. The $5,000 exemption granted by R.C. 2329.66(A)(12)(c) can be argued to be a vested, substantive right, rather than a mere procedural aspect of the garnishment process. Similarly, the transaction giving rise to that right, the 1993 prison riot, predates the effective date of the amendment. Appellant has, therefore, raised at least a colorable argument that R.C. 2329.66(A)(12)(c) has been retroactively applied to him in violation of Section 28, ArticleII, Ohio Constitution.
 {¶ 66} We agree with the trial court, however, that this issue is not ripe for review at the present time. Appellant has not yet received the proceeds from the federal lawsuit. Appellant has not established that these proceeds will represent personal injury damages subject to the R.C. 2329.66(A)(12)(c) exemption. It is unknown whether any settlement proceeds from the federal lawsuit will be paid into appellant's prisoner account, subject to R.C. 5120.133 collection, or how any proceeds would be remitted to appellant. On these tenuous facts, we find that the trial court did not err in concluding that the constitutionality of R.C.2329.66(A)(12)(c) was not yet ripe for review. Appellant's fourth assignment of error is accordingly overruled.
 {¶ 67} Appellant's fifth assignment of error asserts that the trial court erred in granting summary judgment dismissing the attorney general as a party. The trial court ruled that the only question properly concerning the attorney general as a party was the validity of the prior subrogation judgment attained by the attorney general against appellant which underlies the garnishment action. We find no error on the part of the trial court in this respect. Once appellant's collateral attack against the prior judgment had been disposed of by way of summary judgment in favor of the attorney general, there remained no issues properly concerning her as a party. While constitutional attacks upon a statute do require that the attorney general be served in the action, R.C. 2721.21, this is a notice requirement and does not require that the attorney general be made a party to the action. Ohioans for Fair Representation, Inc. v. Taft (1993), 67 Ohio St.3d 180. Once the validity of the underlying judgment is established, appellant's action in the present case seeks a remedy that only concerns the prison officials involved, i.e., those persons allegedly improperly deducting funds from his inmate prison account. Furthermore, as the attorney general points out on appeal, her office will be providing counsel to the other defendants in the present case, and thus will be fully apprised of the proceedings insofar as they challenge the constitutionality of the statutes at issue. We accordingly find that the trial court did not err in dismissing the attorney general as a party, and appellant's fifth assignment of error is overruled.
 {¶ 68} Appellant's seventh assignment of error asserts that the trial court erred in finding that appellant had failed to exhaust his administrative remedies. Appellant's affidavit asserts that he filed "kites" (institutional correspondence), and otherwise sought to block or object to the deductions from his inmate prison account. Appellees assert that ultimately it is irrelevant whether appellant pursued these administrative avenues to block the deductions: either appellant exhausted all his administrative remedies under Ohio Adm. Code 5120-5-03
in objecting to the garnishment, or appellant has waived any objection by failing to take advantage of his administrative remedies.
 {¶ 69} While the question may be largely moot, it does appear that there remained a material issue of fact as to whether or not appellant had exhausted his administrative remedies. We agree with appellant, therefore, that this was not a basis for granting summary judgment in the present case, and appellant's seventh assignment of error is sustained, albeit without effect on the final judgment since other grounds existed for granting judgment to appellees in the case.
 {¶ 70} Appellant's second and eighth assignments of error assert that the trial court erred in failing to grant preliminary and permanent injunctive relief to appellant. Because our discussion of appellant's previous assignments of error concludes that no basis for relief existed in the present case, appellant's second and eighth assignments of error are rendered moot.
 {¶ 71} In summary, appellant's sixth and seventh assignments of error are sustained, but without modification to the trial court's final judgment. Appellant's first, third, fourth, and fifth assignments of error are overruled and appellant's second and eighth assignments of error are rendered moot. The judgment of the Franklin County Court of Common Pleas granting summary judgment for appellees is affirmed.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.